# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. |
| An Apple Watch, assigned evidence number 1B6, seized | )      2:23-sw-0628 DB |
| May 25, 2023 | ) |

**FILED**

**Jun 21, 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A-6.

located in the _____EASTERN_____ District of _____CALIFORNIA_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm; |
| 18 U.S.C. § 922(o) | Possession of a Machinegun |

The application is based on these facts:

See Affidavit of FBI Special Agent Gregory Richardson

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Gregory Richardson

*Applicant's signature*

Gregory Richardson, FBI Special Agent

*Printed name and title*

Sworn to before me telephonically.

Date:  06/21/2023

City and state:  Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

## <u>AFFIDAVIT OF FBI SPECIAL AGENT GREGORY RICHARDSON</u>

I, Gregory Richardson, being duly sworn, hereby depose and state:

## <u>PURPOSE</u>

1. This Affidavit is made in support of search warrants for:

    a. An iPhone cell phone, assigned evidence number 1B1, seized May 25, 2023, as further described in **Attachment A-1**.

    b. An iPhone cell phone, with American flag skull case assigned evidence number 1B2, seized on May 25, 2023, as further described in **Attachment A-2**.

    c. An iPhone cell phone, assigned evidence number 1B3, seized on May 25, 2023, as further described in **Attachment A-3**.

    d. An iPhone cell phone, with black case assigned evidence number 1B4, seized on May 25, 2023, as further described **Attachment A-4**.

    e. An iPhone cell phone, with black case assigned evidence number 1B5, seized on May 25, 2023, as further described **Attachment A-5**.

    f. An Apple Watch, assigned evidence number 1B6, seized on May 25, 2023, as further described **Attachment A-6**.

2. I believe there is probable cause to believe that the electronic devices described in **Attachments A-1 through A-6** contain evidence, fruits, proceeds, or instrumentalities of violations of 18 U.S.C. § 922(g) (unlawful possession of a firearm) and 18 U.S.C. § 922(o) (possession of a machinegun). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in **Attachment B**.

## <u>AGENT BACKGROUND</u>

3. I am a Special Agent with the Federal Bureau of Investigation (the "FBI") and have been since October 2021.  I am currently assigned to the FBI's Sacramento Division, Violent Crime, Safe Streets Task Force.  I have been

assigned to this squad since 2021.  I was trained as an FBI Special Agent at the FBI Academy in Quantico, Virginia.

4.  During the course of my employment as an FBI Special Agent, I have participated in numerous criminal investigations. I have also participated in numerous investigations involving the use of federal and state search warrants to collect evidence, including controlled substances, the seizure of narcotics-related records, and other types of evidence that document the activities of criminal organizations in both the manufacturing and distribution of controlled substances and weapons.  To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources including physical and electronic surveillance, various types of infiltration (including informants and confidential human sources), pen register and trap and trace devices, GPS and telephone tracking devices, audio and audio/video recording devices.

5.  I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C.  § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C.  § 2516.

6.  Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

7.  This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

///

///

///

## STATEMENT OF PROBABLE CAUSE

***Dexter Weeks has previously sustained felony convictions for crimes involving violence and firearms.***

8. On March 3, 2008, Dexter Weeks was convicted of felony robbery, in violation of Illinois Criminal Code Section 18-1 (720 ILCS 5/18-1-A) and sentenced to three years incarceration.

9. On August 15, 2008, Weeks was convicted of misdemeanor resisting an officer, in violation of Illinois Criminal Code Section 31-1 (720 ILCS 5/31-1) and sentenced to forty days incarceration.

10. On December 6, 2010, Weeks was convicted of felony battery, in violation of Illinois Criminal Code Section 12-3 (720 ILCS 5/12-3-A-2) and sentenced to 325 days of incarceration.

11. On December 6, 2010, Weeks was convicted of delivery of a controlled substance, in violation of Illinois Criminal Code Section 401 (720 ILCS 570/401-C-2) and sentenced to four years incarceration.

12. On April 7, 2015, Weeks was convicted of being an armed habitual criminal, in violation of Illinois Criminal Code Section 24-1.7 (720 ILCS 5/24-1.7-A) and felon in possession of a firearm, in violation of Illinois Criminal Code Section 24-1.1 (720 ILCS 5/24-1.1-A) and sentenced to ten years incarceration.

13. Weeks was released on parole and subsequently relocated to California where he is being supervised by the California Department of Corrections and Rehabilitation.

    a. As part of his parole, Weeks is subject to a condition that: "You, your residence, and any property under your control are subject to search or seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer, at any time of the day or night, with or without a search warrant, with or without cause."

    b. Weeks's parole conditions also prohibit Weeks from possessing a firearm: "You shall not own, use, have access to, or have under your control: (a) any type of firearm, instrument or device which a reasonable person would believe to be capable of being used as a firearm . . . ."

    c.  Weeks signed and acknowledged that he read and understood his parole conditions on February 25, 2022.

***William Lesley has previously sustained felony convictions for crimes of violence and firearms offenses.***

14. On September 25, 2007, William Lesley was convicted of felony burglary, in violation of Illinois Criminal Code Section 19-1 (720 ILCS 5/19-1-A) and sentenced to two years of probation.

15. On January 27, 2011, Lesley was convicted of felony aggravated assault with a weapon, in violation of Illinois Criminal Code Section 33A-2 (720 ILCS 5/33A-2-A), delivery of a controlled substance, in violation of Illinois Criminal Code Section 401 (720 ILCS 570/401-C-2), and felon in possession of a firearm, in violation of Illinois Criminal Code Section 24-1.1 (720 ILCS 5/24-1.1-A); and sentenced to ten years incarceration.

16. On August 1, 2016, Lesley was convicted of being an armed habitual criminal, in violation of Illinois Criminal Code Section 24-1.7 (720 ILCS 5/24-1.7-A) and possession of a controlled substance, in violation of Illinois Criminal Code Section 402 (720 ILCS 570/402-C) and sentenced to two years incarceration.

17. On January 17, 2019, Lesley was convicted of being an armed habitual criminal, in violation of Illinois Criminal Code Section 24-1.7 (720 ILCS 5/24-1.7-A) and felon in possession of a firearm, in violation of Illinois Criminal Code Section 24-1.1 (720 ILCS 5/24-1.1-A) and sentenced to six years incarceration.

///

///

///

///

///

///

***Weeks and Lesley display firearms on social media in spite of their prohibited status and prior convictions for unlawful possession of firearms.***

18. On May 2, 2023, law enforcement officers observed a live video on the Instagram account associated with the handle @village_god.  The video depicted three adult men inside of a vehicle: Nathan Dorris, the account owner, Dexter Weeks, and William Lesley.  Two screenshots are depicted below.

 

19. In the video, Weeks (wearing a royal blue baseball hat) and Lesley (wearing a powder blue baseball hat) are both holding what appear to be firearms.  The firearm in Weeks's hand appears to have a high-capacity, drum-style magazine attached to it.  Lesley points the barrel of the firearm at the camera.






***Parole search results in seizure of firearms at Weeks's residence in the Eastern District of California.***

20. On May 25, 2023, law enforcement officers conducted a parole search of Weeks's residence at 858 Retriever Way in Galt, California. Law enforcement knocked on the front door of the residence and announced that they were attempting to conduct a parole search. No one answered the door. Instead, law enforcement officers entered the residence through an open front window.

21. While clearing the residence, law enforcement officers encountered Lesley as he was coming out of a bedroom. Lesley told law enforcement officers that no one else was in the residence. A short time later, officers found Weeks in

another bedroom, hiding under pillows and blankets in an attempt to conceal himself from law enforcement.

22. In the bedroom where Lesley had just exited, officers found (1) a loaded Jimenez Arms 9mm pistol bearing serial number 381138; (2) a loaded Ruger 5.7x28mm pistol bearing serial number SR 64317939; (3) a loaded Glock 43X pistol bearing serial number BMUL995; (4) a loaded American Tactical AR-15-style PMF rifle and (5) two AR-15-style magazines.

   a. In this same bedroom, law enforcement officers found and seized two Apple iPhones that were assigned evidence numbers 1B1 and 1B2.

   b. Lesley told officers that one of the phones belonged to him and provided the PIN for the phone.

23. In the bedroom where Weeks was found, officers found a loaded Glock 20 pistol bearing serial number BYYY874.  The Glock 20 had previously been reported stolen.

   a. In this same bedroom, law enforcement officers found and seized two Apple iPhones (assigned evidence numbers 1B3 and 1B4) and an Apple Watch (assigned evidence number 1B6).

24. In addition, officers searched a safe located in the home office and found a loaded Glock 20 pistol bearing serial number BYZL391.  And, officers searched a black Infiniti G37 sedan parked in the driveway of the residence and found: (1) a box of ammunition in the glovebox; (2) a Saiga AK-47 rifle bearing serial number H08744110; (3) a Taurus pistol bearing serial number TMW75196; and (4) a Glock 19 pistol bearing serial number LWG934.

   a. The key fob for the Infiniti G37 was found in the bedroom that Lesley had just exited.  Lesley told officers that the car was not working and had been dead ever since he had gotten there a few months prior.

   b. Also in the home office, law enforcement officers found and seized an Apple iPhone (assigned evidence number 1B5).

25. All the seized firearms were processed for fingerprints.  No usable quality latent prints were collected.  All the seized firearms were processed for DNA.  No DNA result have yet been returned.

26. Weeks and Lesley were arrested and booked into the Sacramento Count Jail for, inter alia, felon in possession of a firearm, in violation of California Penal Code § 29800.

***Preliminary Interstate Nexus Determination***

27. On June 16, 2023, Special Agent Matthew Garrett, who is an ATF interstate nexus expert, reviewed a photograph of the seized firearms.  After reviewing the photograph and based on SA Garrett's training and experience as an interstate nexus expert, he determined that all the firearms, with the exceptions of the Jimenez Arms 9mm pistol bearing serial number 381138 and loaded American Tactical AR-15-style PMF rifle, were not manufactured in the State of California and therefore had previously traveled in interstate or foreign commerce prior to being seized from the possession of Week and Lesley.

## TRAINING AND EXPERIENCE REGARDING FIREARMS

28. I know from my training, experience, and discussions with other experience law enforcement officials that those who illegally possess, manufacture, and/or traffic in firearms frequently possess the following evidence of their unlawful activity on their electronic devices:

    a. Information concerning where and from whom the person purchased firearms or firearm parts;

    b. Information concerning where and to whom firearms or parts were sold or transferred;

    c. Correspondence to and/or from actual or prospective sources or buyers;

    d. Records and/or documents of mailings, shipping or delivery, whether by the United States Postal Service or other private delivery services;

    e. Information concerning methods used to advertise the availability of their firearms or firearm parts for purchase;

    f. Photos of their firearms or firearm parts;

g. Written, recorded oral, or digital communications with associates involved in the purchase/sale of firearms or firearm parts;

h. Written statements showing profits made from the sale of firearms or firearm parts.

29. I know that those who illegally possess firearms often use cellular telephones to communicate with one another, either by voice or text message. The information stored in a mobile telephone used by illegal firearm possessors, traffickers, and/or manufacturers is evidence of the associations of the illegal firearm possessor, trafficker, and/or manufacturer, some of which are related to illegal possession and transfer. Cellular telephones also contain in their memory text messages sent, received, and drafted by the mobile telephone user. The text message history of a cellular telephone can contain evidence of illegal firearm possession, trafficking and/or manufacturing because it shows the communications or planned communications of a firearm trafficker and/or manufacturer and the telephone numbers of those with whom the illegal firearm possessor, trafficker, and/or manufacturer communicated or intended to communicate.

30. Illegal firearms possessors, traffickers and/or manufacturers sometimes leave voice messages for each other, and this is evidence both of their mutual association and possibly their joint criminal activity. Cellular telephones can also contain other user-entered data files such as "to-do" lists, which can provide evidence of crime when used by an illegal firearm possessor, traffickers and/or manufacturers. Cellular telephones can also contain photographic data files, which can be evidence of criminal activity when the user was an illegal firearm possessor, trafficker and/or manufacturer who took pictures of evidence of crime. Cellular telephone companies also store the data described in this paragraph on their own servers and associate the data with particular users' mobile telephones. Based on my training and experience, I know that people who possess firearms often maintain photographs or videos of their firearms and ammunition on their cellular telephones, including photographs or videos of the possessor holding or firing the firearm.

31. I know that convicted felons are unable to possess a firearm and therefore these individuals tend to maintain a continual chain of communication with lookouts and co-conspirators to obtain firearms by illegal means or criminal activity. I also know that these communications are primarily conducted by

cellular telephones. I know that people who negotiate the sale of firearms will often use cell phones to contact co-conspirators to obtain additional quantities of firearms and/or narcotics. I also know that photos of firearms and currency are often stored on such devices. Cellular phones can also supply historical information about the dates, times, duration, number, destination, and location of telephone calls, messages, photographs, video, audio, and other information processed or stored by the cellular telephone.

32. It has been my experience that people engaged in criminal activities utilize cellular telephones to maintain contact, either by telephone calls and/or text messaging, with close associates and people they trust, to include associates in the criminal activities, and that they carry these cellular telephones with them during the course of their criminal activities. Moreover, it has been my experience that people engaged in such criminal activities utilize these cellular telephones to take photographs and videos of themselves, their criminal associates, and other items related to their criminal activities, in some cases from the proceeds from their criminal activities. Relating to the ever-evolving level of cellular telephone technology, particularly increased storage capacity, through my training and experience, I know that cellular telephones can regularly store contacts, call logs, text messages, multimedia files, voicemail messages, and location/GPS data months and in some cases years from the date of the phone's activation.

33. Those who illegally possess firearms often, intentionally or unintentionally, retain paperwork and evidence indicating the source of that firearm whether it be by purchase, theft, or other means.

## TECHNICAL TERMS

34. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications,

wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.  Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP

address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static- that is, long-term-IP addresses, while other computers have dynamic- that is, frequently changed-IP addresses.

e. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

f. Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as wireless telephones, digital cameras, GPS navigation devices, and PDAs. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

35. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensics tools.

36. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of

a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

37. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

38. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night

## **CONCLUSION**

39. I hereby request that search warrants be issued for the locations described in
**Attachments A-1 through A-6** for the items set forth in **Attachment B**
based upon the aforementioned facts.

I swear, under the penalty of perjury, that the foregoing information is true and
correct to the best of my knowledge, information, and belief.

/s/ Gregory Richardson
_____
GREGORY RICHARDSON
FBI Special Agent

Sworn and Subscribed to me telephonically
on June 21, 2023,

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE
Approved as to form.

_____
Justin L. Lee
Assistant United States Attorney

## ATTACHMENT A-6

### *Location to be Searched*

An Apple Watch, assigned evidence number 1B6, seized May 25, 2023, from 858 Retriever Way in Galt, California.

This item is currently in the custody of FBI in Roseville.

# ATTACHMENT B

## *Items to be Seized*

Agents are authorized to search and seize property that constitutes evidence, fruits, and instrumentalities of violations of the following federal statutes (the "TARGET OFFENSES"), committed by Weeks and Lesley: 18 U.S.C. § 922(g) (felon in possession of a firearm) and 18 U.S.C. § 922(o) (possession of a machinegun), including:

1. Any and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data in the memory of the Electronic Devices identified in **Attachments A-1 through A-6** or on a server and associated with the Electronic Devices identified in **Attachments A-1 through A-6,** including:

   a. Incoming call history;
   b. Outgoing call history;
   c. Missed call history;
   d. Outgoing text messages;
   e. Incoming text messages;
   f. Draft text messages;
   g. Telephone books;
   h. Emails;
   i. Data screens or files identifying the telephone number associated with the mobile telephones searched;
   j. Data screens, files, or writings containing serial numbers or other information to identify the electronic devices searched;
   k. Voicemails;
   l. User-entered messages (such as to-do lists); and
   m. Stored media such as photographs or videos.

2. Any passwords used to access the electronic data described above.

3. Any and all locations, addresses, GPS coordinates, names, time/date information, or other electronic data related to addresses and driving directions related to the devices' locations.

4. All information and records related to violations of 18 U.S.C. § 922(g) (felon in possession of a firearm) and 18 U.S.C. § 922(o) (possession of a machinegun), including:

     a.  Records, information, photographs, video recordings, audio recordings, communications, items and other indicia evidencing the possession, theft, purchase, or sale of firearms;

     b.  lists of customers or suppliers of firearms and related identifying information;

     c.  types, amounts, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

     d.  records of Internet Protocol addresses used;

     e.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

     f.  any communications related to firearms; and

     g.  stored media such as photographs or video.

5. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* An Apple Watch, assigned evidence number 1B6, seized May 25, 2023 | ) ) ) ) ) ) Case No.    2:23-sw-0628 DB |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     EASTERN     District of     CALIFORNIA    
*(identify the person or describe the property to be searched and give its location)*:

   SEE ATTACHMENT A-6.

     The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

   SEE ATTACHMENT B.

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

     **YOU ARE COMMANDED** to execute this warrant on or before        July 5, 2023       
                                                  *(not to exceed 14 days)*

     ❏ in the daytime  6:00 a.m. to 10 p.m.      ☑ at any time in the day or night as I find reasonable cause has been established.

     Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
  any duty magistrate judge                 .
                    *(name)*

     ❏ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ❏ for       days *(not to exceed 30)*.
                                         ❏ until, the facts justifying, the later specific date of          .

Date and time issued:    06/21/2023, 1:11pm       

City and state:    Sacramento, California                                              
                                             DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

---

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.

_____    _____
*Signature of Judge*                   *Date*